JAMES H. HOLT vs. ALVA PAYNE — Error from Washington
County.

The principles decided in Holt *vs.* Clemmons, at the present term, respecting
the validity of a title executed by an administrator, in conformity with a
title bond given by his intestate, recognized and affirmed.

This suit was brought upon one of the notes given by the
plaintiff in error (Holt) to Lewis C. Clemmons, for the purchase
money of the tract of land mentioned in the case of Holt *vs.*
Clemmons, decided at the present term. The note was indorsed
by Clemmons to Payne, and the suit was brought by Payne
against both maker and indorser. Holt pleaded in this case, as
in the former, a failure of consideration. Clemmons made no
defense. At the trial, there was read in evidence Clemmons'
title to the land, a deed executed to him on the 25th January,
1846, by Thomas and Rebecca Baxter, administrators *de bonis
non* of the estate of James Hensley, deceased, in conformity
with an order of the probate court of Austin county. The suit
was instituted on the 22d of October, 1846. There was a ver-
dict and judgment for the plaintiff below, and a writ of error
sued out by Holt, which brought the case into this court.

WEBB for plaintiff in error.

RIVERS for defendant in error.

Mr. Justice LIPSCOMB delivered the opinion of the court.

The suit in this case was brought on a note of hand given by
Holt to Lewis C. Clemmons, and indorsed by Clemmons to
Payne. The suit was against the maker, and indorser, Clem-
mons. Verdict and judgment against both, from which Holt,
the maker, brought a writ of error. The statement of facts on
which the case is presented is short; but it appears that the
sole defense relied on by Holt in the court below was the sup-
posed defect of title from the administrators of Hensley to
Clemmons. The effect of this defense was discussed and de-
cided in the case of Holt *vs.* Clemmons, decided in this court a

few days ago, and was held to be insufficient. In addition to the authority of that case, the following authorities are referred to in support of the decision of the court: Bumpas vs. Platner, 1 Johns. Ch. 213; Abbott vs. Allen, 2 Johns. Ch. 519; Van Lew vs. Parr, 2 Richardson's Eq. R. 321.

The statement of facts discloses no fraudulent representations or concealment of facts. The judgment is affirmed.